IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAND'DE ROBERTS AND
LARRY ROBERTS                                                      PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:03CV176GR

LANCE E. GRAMES                                                     DEFENDANT

### MEMORANDUM BRIEF IN SUPPORT OF SSGT. LANCE GRAMES' MOTION TO STAY PROCEEDINGS UNDER THE SOLDIERS' AND SAILORS' CIVIL RELIEF ACT

**COMES NOW**, the Defendant, SSgt. Lance Grames, and files this his Memorandum Brief in Support of Motion to Stay Proceedings Under the Soldiers' and Sailors' Relief Act, and would show unto the Court the following:

### FACTS

This case involves a motor vehicular accident which occurred on March 7, 2002 in D'Iberville, Harrison County, Mississippi, at the intersection of Rodriguez Street and the I-110 on-ramp. At the time, SSgt. Lance Grames was driving a 2001 Pontiac automobile when a collision occurred between his vehicle and a 1999 Dodge pickup truck operated by the Plaintiff, Larry Roberts and occupied by his wife, Rand'de Roberts. Ms. Roberts alleges that she sustained personal injuries as a result of the accident, and Larry Roberts claims loss of consortium.

On the date of the accident, SSgt. Grames was a member of the United States Air Force and stationed at Keesler Air Force Base in Biloxi, Mississippi. The Plaintiffs filed their Complaint on February 19, 2003, at which time SSgt. Grames was stationed at Kadena Air Force Base in Japan. SSgt. Grames has continued to be stationed at Kadena Air Force Base throughout

this litigation. Undersigned counsel has participated in discovery on behalf of SSgt. Grames, including the deposition of the Plaintiffs and Ms. Roberts' treating orthopedic surgeon, Dr. Jim Hudson. The case is presently set for trial on the Court's April 4, 2005 calendar.

## SSGT. GRAMES' DUTY STATUS

It is not anticipated that SSgt. Grames will be able to participate in the trial of this case in April of 2005. Attached to the Motion is a copy of correspondence from SSgt. Grames outlining his current duty station and the fact that he has filed papers requesting a tour of duty in Arizona, but that he will not know whether this request will be accepted until late in the calendar year of 2005. Undersigned counsel has also requested a letter from SSgt. Grames' commanding officer outlining SSgt. Grames' current duty status.

## LAW AND ARGUMENT

The Soldiers' and Sailors' Civil Relief Act appears at 50 U.S.C. Appx. §501, et seq. Specifically, 50 U.S. C. Appx. §522 (2004) provides the following:

> (a) Applicability of section. This section applies to any civil action or proceeding in which the plaintiff or defendant at the time of filing an application under this section—
>
> (1) is in military service or is within 90 days after termination of or release from military service; and
>
> (2) has received notice of action or proceeding.
>
> (b) Stay of proceedings.
>
> (1) Authority for stay. At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>
> (2) Conditions for stay. An application for a stay under paragraph (1) shall include the following: military duty

requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

 (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

 (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Provisions of the Soldiers' and Sailors Civil Relief Act regarding the granting of stays is permissive as these provisions reflect instructive legislative policy to place individuals "engaged in military establishment beyond effect of urgencies and uncertainties pending litigation" and to allow individuals reasonable time following discharge to re-orient themselves prior to the trial of the case. *Bowsman v. Peterson*, 45 F. Supp. 751 (D.C. Neb. 1942). A stay of proceedings against a defendant in military service is not an absolute right but is left to the discretion of the trial court. *Boone v. Lightner*, 319 U.S. 561 (1943). However, the court must make its determination based on whether or not the member of the military will be prejudiced by the trial of the case in his absence. *Gross v. Williams*, 149 F. 2d 84 (8th Cir. 1945).

In the subject case, defense counsel's ability to conduct a proper defense of SSgt. Grames would be materially altered by the fact that he is on active duty and unable to appear at the trial of this case. This accident occurred at an intersection controlled by stop lights and one issue in the case is the color of the light for Mr. Grames at the time he turned left across Rodriguez Street. If the trial proceeds without SSgt. Grames, there is no other individual who can testify as

to what SSgt. Grames saw and experienced shortly before the accident as well as during the accident and its aftermath. Furthermore, Mr. Grames' position would be materially prejudiced in the eyes of the jurors if he is not present in order to present his own defense.

Respectfully submitted this 10th day of Feb., 2005.

LANCE E. GRAMES

By: *Michael R. Barnes*
MICHAEL R. BARNES

Michael R. Barnes (#8431)
Donna Powe Green (#4460)
Barnes & Green, PC
Post Office Box 17947
Hattiesburg, MS 39404-7947
601/271-9031

## CERTIFICATE OF SERVICE

I, Michael R. Barnes, do hereby certify that I have this day mailed a true and correct copy of the foregoing to Edmund J. Walker, Esq., P.O. Box 1204, Biloxi, MS 39533.

THIS, the 10th day of Feb., 2005.

*Michael R. Barnes*
MICHAEL R. BARNES